**In re HAWAII PACIFIC PACKAGE STORE, INC., a Hawaii Corporation, Debtor.**

**HAWAII NATIONAL BANK, HONOLULU, Plaintiff,**

v.

**HAWAII PACIFIC PACKAGE STORE, INC., a Hawaii Corporation; Ernest J. Jackson; Pearl Jackson; G. Douglas Fairhurst; Martha Fairhurst; Oceanside Properties, Inc.; Terrance Clarence Greenen; United States of America; and Department of Taxation, State of Hawaii, Defendants.**

**Bankruptcy No. 80–0017.**

United States Bankruptcy Court, D. Hawaii.

April 3, 1980.

Emmet T. White, Jr., Honolulu, Hawaii, for Hawaii National Bank, Honolulu.

James N. Duca, Honolulu, Hawaii, for Oceanside Properties, Inc.

Edwin L. Doernberger, Honolulu, Hawaii, for Ernest J. Jackson and Pearl Jackson.

Bradley A. Coates, Honolulu, Hawaii, for Terrance Clarence Greenen.

Allan S. Chock, Honolulu, Hawaii, for Dept. of Taxation, State of Hawaii.

G. Douglas Fairhurst, for Hawaii Pac. Package Store.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JON J. CHINEN, Bankruptcy Judge.

A Complaint seeking Relief from Stay was filed on March 13, 1980. A preliminary hearing was held on March 31, 1980.

Based upon the memoranda, the records herein, and the arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On April 19, 1978, Plaintiff filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 54401, entitled *Hawaii National Bank, Honolulu, Plaintiff, vs. Hawaii Pacific Package Store, Inc., Ernest J. Jackson, Pearl Jackson, G. Douglas Fairhurst and Martha Fairhurst, Defendants.*

2. Plaintiff's Complaint in Civil No. 54401 sought immediate repayment of all indebtedness owing under a promissory note dated January 6, 1977, executed by Debtor and secured by (a) UCC Security Interest in equipment, inventory, accounts, contracts, stocks; (b) an Assignment of Buyer's Interest in Agreement of Sale; and (c) a Continuing General Guaranty executed by Defendants Jackson and Fairhurst.

3. Plaintiff's complaint in Civil No. 54401 also named as party defendants and sought relief from Jacksons, G. Douglas Fairhurst and Martha Fairhurst as a result of their having executed a Guaranty under which said party defendants guaranteed payment of the promissory note.

4. On January 3, 1980, OPI filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 60160, entitled, *Oceanside Properties, Inc., Plaintiff, vs. Hawaii Pacific Package Store, Hawaii National Bank, Honolulu, George Douglas Fairhurst, Terrance Clarence Greenen, Ernest J. Jackson, United States of America, and the Department of Taxation, State of Hawaii, Defendants.*

5. OPI's Complaint in Civil No. 60160 seeks to foreclose upon the Agreement of Sale between OPI, as Seller, and Debtor, as Buyer, and upon all the interests which any of the other defendants named in Civil No. 60160 might have in the property, more commonly known as Unit No. C–101 in the Kukui Plaza Condominium Project.

6. On January 28, 1980, Plaintiff filed its Answer to OPI's Complaint in Civil No. 60160 and also filed a Cross-Claim and Counterclaim seeking to foreclose its (the Bank's) interest in that certain Assignment of Buyer's Interest in said Agreement of Sale.

7. At a pre-trial conference on January 15, 1980, Plaintiff sought to amend its Complaint in Civil No. 54401 to an additional count regarding the default of the Fairhursts and the Jacksons on a $20,000.00

promissory note in favor of the Bank, the proceeds of which had been advanced to provide more monies to Debtor. Based, however, on Mr. Fairhurst's representation that an original petition under Chapter XI had been filed, the State Court in Civil No. 54401 stayed further action pending determinations by the Bankruptcy Court with respect to the automatic stay given by Section 362 of the Federal Bankruptcy Court.

8. On January 15, 1980, Debtor filed with this Court an original petition under Chapter XI.

9. Pursuant to section 362 to the Federal Bankruptcy Code said petition operated as an automatic stay of (i) the commencement or continuation of any court or other proceedings against Debtor; (ii) the enforcement of any judgments against Debtor; (iii) the commencement or continuation of any court proceedings to enforce any lien on the property of Debtor; (iv) the commencement of any court proceeding for the purpose of rehabilitation of Debtor or the liquidation of Debtor's estate.

10. As of March 1, 1980, the principal amount due the Bank in Civil No. 54401 is $44,000.00 with accrued interest in the amount of $13,249.21, which interest continues to accrue at the rate of $14.67 per day from March 1, 1980.

11. As of March 1, 1980, the principal amount due the Bank with respect to the personal indebtedness of the Fairhursts and the Jacksons sought to be included by the Bank in the Complaint in Civil No. 54401 is $7,441.64 plus per diem interest from May 26, 1979 in the daily amount of $2.48.

12. At the hearing, OPI and the Jacksons joined Plaintiff in requesting a lifting of the stay.

13. Plaintiff acknowledged that the premises occupied by Debtor is the only property owned by Debtor and is thus necessary for any plan of reorganization.

14. Debtor stated that it cannot make any periodic payments to Plaintiff. Debtor has no additional or replacement lien to offer Plaintiff.

## CONCLUSIONS OF LAW

1. Sec. 362(d) of the Bankruptcy Reform Act of 1978 reads:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

2. Since Plaintiff acknowledges that the premises occupied by Debtor is necessary for a plan of reorganization, Plaintiff requests adequate protection as a condition precedent to a continuation of the stay.

3. Sec. 361 of the Bankruptcy Reform Act of 1978 reads:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make *periodic cash payments* to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an *additional or replacement lien* to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting *such other relief*, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization

by such entity of the *indubitable equivalent of such entity's interest in such property.* (Emphasis added).

3. Debtor requested time to build up its business. However, Debtor offered no periodic payment. Neither did Debtor offer any additional or replacement lien. Debtor offered no testimony to assure adequate protection to Plaintiff.

4. Without assurance of adequate protection to Plaintiff, this Court has no authority to continue the stay.

For the foregoing reasons, this Court hereby grants the relief from stay as requested in the Complaint.

An Order will be signed on presentation.